[Civ. No. 5031. Fourth Dist. Dec. 14, 1954.]

ORANGE COUNTY MACHINE WORKS, Appellant, v. REPUBLIC HEATER CORPORATION, Respondent.

Lindsay & Smedegaard and John D. Cochran for Appellant.

Kaufman & Leland for Respondent.

MUSSELL, J.—This is an action to recover a balance of $886.91 due on an open book account for goods, wares, merchandise and labor furnished defendant corporation by plaintiff. Defendant filed an answer and cross-complaint in which it is alleged that plaintiff appropriated to its own use 100.85 tons of scrap steel which was the property of cross-complainant, to cross-complainant's damage in the sum of $2,304.28; that cross-complainant purchased from plaintiff machine works certain dies, which, by the terms of a written contract, were to be "operable and complete"; that said dies when delivered were not as specified in the agreement and cross-complainant was damaged in the sums necessarily expended in making them "operable and complete."

The trial court rendered judgment for plaintiff on the complaint for $886.91 and costs, judgment for the sum of $2,304.28 in favor of cross-complainant for the value of the scrap metal, and the sum of $1,601.76 expended by cross-complainant for making 12 and 14 inch dies operable. Plaintiff appeals from the judgment in favor of the cross-complainant.

In March, 1951, plaintiff Orange County Machine Works, which was engaged in the manufacture of tank heads and with

the processing of steel (hereinafter referred to as "Machine Works") agreed to fabricate heater heads and bottoms for defendant Republic Heater Corporation (hereinafter referred to as "Republic"). Republic agreed to and did furnish the steel necessary for the fabrication of these products. Both parties to this agreement knew that there would be a certain amount of scrap steel or "clippings" resulting from the fabrication. However, there was no discussion as to the disposition of this scrap steel until a few months after the first purchase order was received, when Mr. Coombs, president of Machine Works, received a telephone call from Mr. Rountree, purchasing agent for Republic, informing him that Mr. Stevens, president of Republic, wanted the scrap from the tank heads. Mr. Coombs then stated that Stevens was not entitled to it; that it was not the general practice and "it wasn't in the agreement at all that he should get the scrap." Coombs refused to deliver the scrap to Republic and subsequently sold it. There was testimony that the reasonable value of the scrap steel involved was $2,304.28 and there seems to be no dispute as to this valuation or as to the quantity of such steel being 100.85 tons.

Appellant argues that the trial court's finding that plaintiff appropriated the steel to its own use and that it was at all times the property of Republic is not supported or established by the evidence. While it is true that after Republic's first demand for the scrap, it made no further demand therefor for some time after the delivery of materials by Machine Works had ceased in 1952, there is nothing in the record indicating that Republic transferred title to this scrap and there was evidence given by a dealer in such scrap that customarily the scrap belonged to the person who furnished the sheet steel. It also appears from invoices furnished by Machine Works that the heater heads and bottoms were made from "customer" material. Appellant contends that the parties adopted a practical construction of the agreement and that by reason thereof any scrap metal belonged to Machine Works. The fact that Republic did nothing further about the scrap steel after the telephone conversation until the conclusion of their business arrangements in March, 1952, does not in our opinion amount to an estoppel or an agreement to transfer title to the scrap to the Machine Works. Estoppel was not alleged or proved and cannot be here considered. (*Bruner* v. *Van's Markets*, 103 Cal.App.2d 135, 143 [229 P.2d 56].)

It is next contended by appellant that the trial court's

findings of fact and conclusions of law to the effect that the 12 and 14 inch dies were not operable and complete are not supported or established by the evidence. This contention is likewise without merit. It appears from the record that in March, 1952, plaintiff Machine Works agreed in writing to sell to defendant Republic dies, operable and complete, with component and interchangeable parts, for the production of tank heads and bottoms for the sum of $5,000, itemization of which was contained in an inventory attached. These dies were inspected by Mr. Stevens and were delivered to Republic and paid for by it. Mr. Reginald King, an expert tool and die maker, testified that he saw the dies furnished by Machine Works; "that unless the tooling is apart, it is impossible to say if it is operable and workable"; that "the only way you can tell whether they will function is to put them in a press and try them"; that he found the dies involved were not operable; that "they would make a part but not a good part"; that on the 12 and 14 inch dies the outside blanking rings were in bad condition and had to be replaced; that his firm repaired these dies and the fair and reasonable price charged and billed to Republic for the work was $773.76 on the 12 inch heads and $828 on the 14 inch heads; that these sums were paid by Republic; and that he would say that "if the customer was satisfied with their product, it was operable."

The criticized findings are supported by substantial evidence and cannot be here disturbed. ■ As was said in *Mattoon* v. *Steiff*, 123 Cal.App.2d 512, 513 [266 P.2d 920]:

"In reviewing the evidence, all conflicts must be resolved in favor of respondent, and all legitimate and reasonable inferences must be indulged in to uphold the judgment if possible. ■ The power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court. ■ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)"

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.